the substance used as bristles is woody and fibrous in character. We also find in the Summary of Tariff Information, 1929, at page 2349, the following description of "broom root":

Broom root is obtained from a number of plants growing wild in Mexico and in Central and South America. The roots are wavy, from 9 to 12 inches long, and are used in brushes and brooms. The tendency of the roots to become brittle and to break limits their usefulness in broom and brush making.

From the foregoing we are satisfied that the brooms at bar were made of wooden fiber within the meaning of those words as used in paragraph 1506. This conclusion renders unnecessary a consideration of the claim made by similitude.

Judgment will therefore issue sustaining the claim made for duty at the rate of 25 percent ad valorem under paragraph 1506, only as to the merchandise described on the invoice as "312 painted brushes with handles and one crate with 193 painted brushes with Hand." As to all other merchandise the protest claims are overruled.

BEFORE THE SECOND DIVISION, OCTOBER 16, 1946

**No. 51358.**— Protests 543288- G, etc., of Lewis & Locke, Inc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, OCTOBER 16, 1946

**No. 51359.**—Protests 946606–G, etc., of Iwata Trading Co., Inc., et al. (San Francisco).

Opinion by KEEFE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Woolworth* v. *United States* (T. D. 47647) and Abstract 34216. In accordance therewith the claim for free entry under paragraph 1703 was sustained.

**No. 51360.**— Protests 120940–K, etc., of Capitol Wine & Spirit Corp. et al. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage. In accordance therewith it

was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

No. 51361.—Protest ·122693–K of Washington State Liquor Control Board (Seattle).

Opinion by KEEFE. J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

BEFORE THE FIRST DIVISION, OCTOBER 18, 1946

No. 51362.—Protest 121130–K of L. Heller & Son (New York).

Opinion by OLIVER, P. J. From the testimony of the witnesses and by a preponderance of the evidence it was held that the plaintiff established that the stones in question are known in the trade as semiprecious stones, are bought and sold as such, and are also suitable for use in the manufacture of jewelry. The claim at 10 percent under paragraph 1528 was therefore sustained.

No. 51363.—Protests 759056–G, etc., of W. J. Bush & Co., Inc., et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, OCTOBER 18, 1946.

No. 51364.—Protests 34340–K, etc., of Wimelbacher & Rice (New York).